## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| | |
| vs. | Case No. 14-10193-EFM |
| | |
| ERIC EMMANUEL DEAR, | |
| *Defendant.* | |

## MEMORANDUM AND ORDER

In 2015, Defendant Eric Emmanuel Dear entered a guilty plea to one count of interference with commerce by robbery.  He was sentenced to 71 months in prison.  This matter is before the Court on Dear's motion to vacate sentence pursuant to 28 U.S.C. § 2255.  He argues that his sentence should be vacated or reduced in light of the U.S. Supreme Court decision *Johnson v. United States*,[1] which found the "residual clause" of the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague.  The Court has carefully reviewed the briefs and the record, including the Presentence Investigation Report ("PSR").  Because the record conclusively shows that Dear is not entitled to relief, the Court denies Dear's motion to vacate (Doc. 39).

---

[1] 135 S. Ct. 2551 (2015).

## I.     Factual and Procedural Background

On November 21, 2014, Dear was indicted on one count of interference with commerce by means of robbery, and one count of carrying and using/brandishing a firearm during and in relation to a crime of violence—interference with commerce by means of robbery.  On July 15, 2015, Dear entered a plea of guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to one count of interference with commerce by robbery in violation of 18 U.S.C. § 1951.  The plea agreement provided that both parties recommended for Dear to be sentenced to a controlling term of 71 months imprisonment.

Prior to sentencing, the U.S. Probation Office prepared a PSR, which provided that Dear was to be held accountable for unlawfully taking $270.34 from the person of employees of the Dollar General Store against their will by means of actual and threatened force, violence, and fear of injury.  Specifically, Dear pointed a firearm at a Dollar General employee and ordered her to give him money from the register and warned her to not make him shoot her.  He then pointed the firearm at another employee and ordered them to open the other register so he could take the money from those registers.  The PSR calculated that Dear's base offense level was 20 under U.S.S.G. § 2B3.1.  Dear's offense level was increased five levels to 25 because a firearm was brandished in commission of the crime.  Next, Dear's offense level was reduced by 2 levels for accepting responsibility for the offense, and reduced 1 additional level for assisting authorities in the investigation or prosecution of his own misconduct.  Accordingly, Dear's total offense level was calculated to be 22.

The PSR further determined that, based on Dear's prior criminal convictions, he had a subtotal criminal history score of 15.[2]  Under U.S.S.G. § 4A1.1(d), Dear's criminal history score was increased by 2 points because Dear committed the instant offense while under a criminal justice sentence for parole.[3]  Dear's total criminal history score was therefore determined to be 17.  According to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of 17 establishes a criminal history category of VI.

The PSR noted that the maximum term of imprisonment for violating 18 U.S.C. § 1951 was 20 years imprisonment.  Based upon a total offense level of 22 and a criminal history category of VI, the guideline imprisonment range under the Sentencing Guidelines was 84 to 105 months.

The plea agreement proposed a sentence of 71 months imprisonment, and further provided that both parties were of the belief that the proposed sentence did not offend the advisory sentencing guidelines.  The parties did not request the imposition of an advisory guideline sentence because the proposed sentence was sought pursuant to Fed. R. Civ. P. 11(c)(1)(C).

On July 15, 2015, the Court adopted the PSR, but added one additional comment.  In the Court's Statement of Reasons, the Court wrote:

> The Court rejected the original binding plea agreement in this case for 57 months imprisonment.  The parties renegotiated the plea and on July 15, 2015, the Court accepted the new binding plea agreement for 71 months imprisonment.  The Court determined that the presentence investigation report is accurate.

---

[2] Two of his prior criminal convictions were for battery against a law enforcement officer.  One conviction was in 2008, when Dear was 17, for which the PSR added 2 points towards his criminal history score under U.S.S.G. § 4A1.2(d)(2)(A).  The other conviction was in 2009, when Dear was 18, for which the PSR added 3 points towards his criminal history score under § 4A1.1(a).

[3] Shawnee County, Kansas District Court case number 10CR203

Accordingly, the Court imposed a sentence of 71 months imprisonment.  Dear did not file a direct appeal.  Exactly one year later, on July 15, 2016, Dear filed this present § 2255 motion to vacate.

## II.   Legal Background

### A.  The *Johnson* Decision

Dear's argument is based upon *Johnson*, in which the Supreme Court held that certain language in the ACCA violated "the Constitution's prohibition of vague criminal laws."[4]  To understand the *Johnson* decision, some background information may be helpful.

Federal law prohibits convicted felons from shipping, possessing, and receiving firearms.[5]  In general, the ACCA punishes violation of this ban by a prison sentence of "not more than 10 years."[6]  But the ACCA imposes a minimum sentence of fifteen years if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony."[7]  A "violent felony" was defined in the ACCA as follows:

[A]ny crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*[8]

---

[4] *Johnson*, 135 S. Ct. at 2555.

[5] *See* 18 U.S.C. § 922(g).

[6] 18 U.S.C. § 924(a)(2).

[7] 18 U.S.C. § 924(e)(1).

[8] 18 U.S.C. § 924(e)(2)(B) (emphasis added).

The closing words of this definition, italicized above, are known as the "residual clause" of the ACCA.[9]

In *Johnson*, the Supreme Court struck down the language of the residual clause as unconstitutionally vague because "[i]nvoking so shapeless a provision to condemn someone to prison for 15 years to life does not comport with the Constitution's guarantee of due process."[10] The Supreme Court reasoned: "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."[11]

In simpler terms, the "text of the residual clause provides little guidance on how to determine whether a given offense involves conduct that presents a serious potential risk of physical injury."[12]  Thus, the residual clause was unconstitutional under the void-for-vagueness doctrine, which "prohibits the government from imposing sanctions 'under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.' "[13]

**B.** ***Johnson* as Applied to the Sentencing Guidelines**

While the *Johnson* holding only struck down the residual clause of the ACCA, some courts have applied the *Johnson* Court's rationale to the career offender guideline of the

---

[9] *Johnson*, 135 S. Ct. at 2556.

[10] *Id*. at 2560.

[11] *Id.* at 2557.

[12] *Welch v. United States*, 136 S. Ct. 1257, 1261 (2016) (quotations omitted).

[13] *Id.* (quoting *Johnson*, 135 S. Ct. at 2556).

Sentencing Guidelines.[14]   The Sentencing Guidelines recommend sentencing ranges based on a defendant's conduct and characteristics.   During sentencing, a court first calculates the sentencing range recommended by the Guidelines, and then chooses a sentence to impose. "[C]ourts are . . . required to consider the Guidelines in determining sentences, but they are not required to impose a sentence within the guideline range."[15]

In calculating a guideline sentence range, a defendant's recommended sentencing range is increased if the defendant is a "career offender."[16]   The Guidelines define a career offender as someone who, among other things, has "at least two prior felony convictions of . . . a crime of violence."[17]   A "crime of violence" is defined in § 4B1.2(a) of the Guidelines.   The Guidelines definition of "crime of violence" was amended in 2016, but prior to that was defined as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*[18]

---

[14] *See, e.g.*, *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015) (applying *Johnson* to the residual clause of the definition of a "crime of violence" under the career offender guideline because that clause is nearly identical to the clause struck down by the Court in *Johnson*).

[15] *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 (10th Cir. 2005).

[16] U.S.S.G. § 4B1.1.

[17] *Id.*

[18] U.S.S.G. § 4B1.2 (2015).

The final clause in § 4B1.2(a), italicized above, is also known as a "residual clause." A quick comparison shows that the residual clause of the Guidelines used precisely the same language as the ACCA's residual clause.[19]

In *United States v. Madrid*,[20] the Tenth Circuit, sharing the same "concerns about judicial inconsistency that motivated the [Supreme Court] in *Johnson*," held that the residual clause of the Guidelines was unconstitutionally vague. In reaching this decision, the Court noted its analysis was not changed by the fact "[t]hat the Guidelines are advisory, and not statutory."[21] However, not all of the Circuit Courts of Appeals are in agreement. In June, the Supreme Court granted certiorari in *United States v. Beckles*,[22] to address the constitutionality of the residual clause in the Guidelines. As a result, courts in this district have opted to stay proceedings in cases implicating the residual clause pending the Supreme Court's determination in *Beckles*.[23]

### III.    Discussion

In his § 2255 motion, Dear cites *Johnson*, which found the "residual clause" of the ACCA to be unconstitutionally vague.[24] He argues that his sentencing range, calculated pursuant to the Sentencing Guidelines, was incorrectly adjusted upward because his prior conviction for

---

[19] U.S.S.G. § 4B1.2 (2015). *Compare id.* (". . . or otherwise involves conduct that presents a serious potential risk of physical injury to another.") *with* 18 U.S.C. § 924(e)(2)(B) (". . . or otherwise involves conduct that presents a serious potential risk of physical injury to another.").

[20] 805 F.3d 1204, 1210–11 (10th Cir. 2015).

[21] *Id.* at 1211.

[22] 136 S. Ct. 2510 (2016) (mem.).

[23] *See, e.g.*, *United States v. Pettes*, 2016 WL 5661559 (D. Kan. Sept. 30, 2016) (granting government's motion to stay the proceedings in the case pending the Supreme Court's decision in *United States v. Beckles*); *United States v. Harris*, 2016 WL 4506811 (D. Kan. Aug. 8, 2016) (declining to rule on merits of § 2255 motion to vacate sentence based upon guideline sentence calculation, instead deciding to stay proceedings in light of *Beckles*).

[24] *Johnson*, 135 S. Ct. at 2563.

battery against a law enforcement officer was not a "crime of violence" within the means of U.S.S.G. § 2K2.1(a)(4)(A).

Dear's motion is denied for three reasons.  First, Dear was not even sentenced under the ACCA or the Sentencing Guidelines.  He was sentenced pursuant to the parties' Rule 11(c)(1)(C) agreement, which expressly disavowed reliance on the Guidelines and provided for a lower sentence than the range calculated in the PSR.  Any enhancements calculated in the PSR, then, had no bearing on Dear's sentence.

Second, even if the Court had sentenced Dear under the PSR's calculations, the PSR did not apply an enhancement that has been implicated by *Johnson* or its progeny.  The PSR did not consider Dear to be an armed career criminal subject to the ACCA's residual clause, nor did it consider him to be a career offender subject to U.S.S.G. § 4B1.2's residual clause.  Dear's base offense level was calculated in accordance with § 2B3.1, a provision of the Guidelines that was not impacted by the *Johnson* or *Madrid* decisions.

Third, the PSR did not consider his prior convictions for battery against a law enforcement officer to be "crime[s] of violence" as Dear asserts.  Regarding his first conviction for battery against a law enforcement officer, the PSR added 2 points toward his criminal history score under U.S.S.G. § 4A1.2(d)(2)(A).  That provision provides for 2 points to be added "for each adult or juvenile sentence to confinement of at least sixty days . . ." if the offense was committed prior to the age of 18.[25]  Regarding his second conviction, the PSR added 3 points towards his criminal history score under § 4A1.1(a), which provides for 3 points to be added "for each prior sentence of imprisonment exceeding one year and one month."  Based on his age and

---

[25] U.S.S.G. § 4A1.2(d)(2)(A).

the sentence imposed for these convictions, the PSR correctly calculated his criminal history score under these provisions. Dear's reference to § 2K2.1(a)(4)(A) is misguided as that particular guideline was not employed in the PSR to calculate his base offense level.

In sum, Dear's reliance on *Johnson* in support of his § 2255 motion is misplaced, as the Court's holding there has no relevance to his sentence. Accordingly, Dear is not entitled to have his sentence vacated or reduced.

As a final matter, under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.[26] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[27] For the reasons stated above, the Court finds that Dear has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on this motion.

### IV.   Conclusion

After carefully reviewing the record, the Court finds Dear is not entitled to have his sentence reduced or vacated. The record shows that his sentence was properly calculated in the PSR, notwithstanding the fact that the sentence the Court imposed was shorter than the minimum sentence under the Sentencing Guidelines.

---

[26] 28 U.S.C. § 2253(c)(2).

[27] *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).

**IT IS THEREFORE ORDERED** that Dear's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 39) is **DENIED.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability Under Rule 11 is **DENIED.**

**IT IS SO ORDERED**.

Dated this 28th day of November, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE